UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.H.A.,<br><br>                Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al*.,<br><br>                Defendants. | CASE NO. 2:24-cv-01120-RSL<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM |

This matter comes before the Court on "Plaintiff's Motion to Proceed Under Pseudonyms and for Protective Order." Dkt. # 4. Plaintiff is an Ethiopian national who alleges that he was tortured by police in his home country. He last entered the United Sates on February 24, 2018, with a visitor visa and applied for asylum in May of that year. The application remains pending. Plaintiff alleges that his life was in danger in Ethiopia due to (a) his work promoting human rights and capacity-building with non-governmental organizations, (b) his political opinions, and (c) his ethnicity. In this action, he seeks a writ of mandamus directing defendants to schedule his asylum interview and to adjudicate his asylum application.

Plaintiff named all of the parties in the caption of his complaint, Dkt. # 1, in compliance with Federal Rule of Civil Procedure 10(a). The complaint is filed under seal: through this motion, plaintiff seeks to keep his name from being further disclosed in

ORDER GRANTING MOTION FOR LEAVE TO PROCEED
UNDER A PSEUDONYM - 1

connection with this mandamus proceeding. Defendants were served on or about July 31, 2024, but have not yet appeared in this matter and have not filed a response to the motion.

A party is permitted to use pseudonyms in a civil action if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted). The court should "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted). The court must also determine the prejudice to the opposing party at each stage of the proceedings, whether the proceedings may be structured so as to mitigate that prejudice, and whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.* (citations omitted).

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *S.H.T. v. Mayorkas*, No. C24-0755JLR, 2024 WL 3106227, at *1 (W.D. Wash. June 24, 2024) (quoting *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019), and gathering cases in the asylum context). Plaintiff alleges that the lives of his family members in Ethiopia would be in danger in the event that his asylum-related proceedings were disclosed and that his life would be in danger if he were repatriated. With regards to defendants' interests, there is no reason to assume that they would be prejudiced if plaintiff were permitted to proceed anonymously because they already know his true identity.

For all of the foregoing reasons, the Court GRANTS plaintiff's motion to proceed under pseudonym and for a protective order (Dkt. # 4) without prejudice to defendants'

ORDER GRANTING MOTION FOR LEAVE TO PROCEED
UNDER A PSEUDONYM - 2

opposing anonymity later in these proceedings. *See Does I thru XXIII*, 214 F.3d at 1069 (recognizing "that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses"); *S.H.T.*, 2024 WL 3106227, at *2 (noting that defendants may challenge party anonymity "at a later stage of the proceedings").

Dated this 26th day of August, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge